IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC BENNETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-498-WKW ) (WO) ) |
| MONTGOMERY MUNICIPAL JAIL, | ) ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Cedric Bennett. In this complaint, Bennett challenges conditions at the Montgomery Municipal Jail. Doc. 1 at 2–4. After reviewing the complaint, the court determined that Bennett should be provided an opportunity to file an amendment to correct the deficiency in the named defendant. The court therefore issued an order providing Bennett instructions with respect to filing the amendment to his complaint and allowed Bennett until June 21, 2018 to file this pleading. Doc. 12 at 1–2. The order "specifically cautioned [Bennett] that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed." Doc. 12 at 2. As of the present date, Bennett has failed to file the requisite amendment to his complaint. Under these circumstances, the court finds that dismissal of this case is warranted.

In accordance with Eleventh Circuit law, the court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez*

*v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Bennett is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Bennett has failed to comply with the directives of the orders entered herein regarding submission of an amendment to the complaint. It likewise appears that Bennett is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed absent filing of the amendment ordered by the court.

Accordingly, the court concludes that this case is due to be dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir.

1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **July 20, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of July, 2018.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE